IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RONALD A. SEEGER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 03 C 5283 |
| | ) |
| JO ANNE B. BARNHART, Commissioner of Social Security, | ) Wayne R. Andersen ) District Judge |
| | ) |
| Defendant. | ) |

## MEMORANDUM, OPINION AND ORDER

This case is before the court on the parties' cross-motions for summary judgment. For the reasons stated below, the motion of plaintiff Ronald Seeger is denied, and the motion of Jo Anne Barnhart, Commissioner of Social Security, is granted.

## BACKGROUND

Plaintiff Ronald Seeger seeks judicial review of a final decision of the Commissioner of Social Security Jo Anne Barnhart regarding the computation of his monthly Disability Insurance Benefits from May 1997 to the present. Based on a work-related injury he suffered, plaintiff received worker's compensation benefits at a rate of $712.92 per week ($3089.30 per month) from the date of his injury on June 15, 1994 through the settlement of his worker's compensation claim on December 7,1998. Plaintiff also applied for, and was awarded, monthly Social Security disability benefits.

In determining the amount of plaintiff's Disability Insurance Benefits, the Social Security Administration (the "Agency") took into account his worker's compensation payments. In light of plaintiff's worker's compensation payments, the payment he received for his monthly

Disability Insurance Benefits was reduced to $516.30 per month beginning December 1994, and his benefits were increased to $543.00 beginning August 1997. Plaintiff did not dispute the Agency's calculation of his Disability Insurance Benefits at that time, nor does he dispute it now.

On December 7, 1998, plaintiff entered into an agreement with his employer in which he agreed to accept a lump-sum payment of $249,172.23 in settlement of his worker's compensation claim. As a result of the settlement, which was approved by the Illinois Industrial Commission, plaintiff's worker's compensation payment was reduced from $716.92 to $146.88 per week. Plaintiff notified the Agency of the settlement.

On July 18, 1999, the Agency informed plaintiff that, in light of the reduction in his worker's compensation payments as a result of the lump-sum settlement, plaintiff's Disability Insurance Benefits no longer would be reduced beginning December 1998. The Agency informed plaintiff that he would receive a check for $3492.00 for past due benefits through May 1999, and thereafter, his Disability Insurance Benefits would be $1343.00 per month.

Plaintiff disagreed with the Agency's determination and disputed the computation of his monthly Disability Insurance Benefits. Plaintiff's requests for reconsideration were denied, and the Agency informed him that his Disability Insurance Benefits had been calculated correctly. The Agency further explained that, because his weekly worker's compensation payments had been reduced to $146.88 after the settlement agreement, he was receiving the full amount of his Disability Insurance Benefits beginning December 1998.

Still dissatisfied with the calculation of his Disability Insurance Benefits, plaintiff requested a hearing before an administrative law judge ("ALJ"). At the hearing, plaintiff's attorney conceded that there were not any factual disputes in the case. Instead, plaintiff

contended that the Agency had not properly calculated the worker's compensation offset to his monthly Disability Insurance Benefits after the settlement in December 1998, which, therefore, resulted in an underpayment of Social Security disability benefits.

On July 15, 2002, ALJ John J. Brundage issued a decision upholding the Agency's decision that the worker's compensation offset had been properly calculated and that plaintiff had been paid correctly. The Appeals Council denied plaintiff's request for review, thereby making the ALJ's decision the final decision of the Commissioner. Plaintiff now seeks judicial review of the Commissioner's decision.

## DISCUSSION

### I. Standard of Review

Judicial review of the Commissioner's final decision is authorized by 42 U.S.C. § 405(g) and provides that the Commissioner's factual findings must be accepted as conclusive if such findings are supported by substantial evidence. *See Richardson v. Perales*, 402 U.S. 389, 399-401 (1971); *Powers v. Apfel*, 207 F.3d 431, 434 (7th Cir. 2000). Although the record is reviewed as a whole, a district court cannot substitute its judgment for that of the Commissioner by re-evaluating the facts or re-weighing the evidence. *Diaz v. Chater*, 55 F.3d 300, 305 (7th Cir. 1995). Rather, a reviewing court is limited to the issues of whether the ALJ's findings are supported by substantial evidence and whether the ALJ applied the correct legal standard. *Griffith v. Callahan*, 138 F.3d 1150, 1152 (7th Cir. 1999). A district court must affirm the ALJ's decision if it is reasonably drawn from the record and is supported by substantial evidence, even if some evidence may support the claimant's position. *Wolfe v. Shalala*, 997 F.2d 321, 326 (7th Cir. 1993).

## II. Substantial Evidence in the Record Supports the ALJ's Finding that the Agency Properly Calculated Plaintiff's Monthly Disability Insurance Benefits

The Social Security Act (the "Act") places a ceiling on an individual's combined federal social security disability benefits and state worker's compensation benefits. 42 U.S.C. § 424a. The Act provides that when an individual is receiving both Social Security disability benefits and state worker's compensation benefits on account of a disability, the federal benefits "shall be reduced" by the amount necessary to ensure that the sum of the state and federal benefits does not exceed the higher of eighty percent of the individual's pre-disability earnings, or the total of the individual's Disability Insurance Benefit for such month and of all other benefits for such month based on the individual's earnings record prior to reduction. 42 U.S.C. § 424a(a); *see also* 20 C.F.R. § 404.408 (c). In *Richardson v. Belcher*, 404 U.S. 78, 83 (1971), the Supreme Court explained that "by limiting total state and federal benefits to 80% of the employee's average earnings prior to the disability, [section 224 of the Social Security Act] reduce[s] the duplication inherent in the programs and at the same time allow[s] a supplement to workmen's compensation where the state payments [are] inadequate." *Id.*

The Act refers to "periodic benefits" arising under a state worker's compensation program based upon a claimant's "total or partial disability (whether or not permanent)." 42 U.S.C. § 424a(a)(2). The Act provides that lump sum settlements, if they substitute for periodic benefits, also are subject to offset, at a rate that will "approximate as nearly as practicable" the rate at which the award would have been paid on a monthly basis, and the Act explicitly delegates to the Commission the authority to determine the appropriate method of prorating such a lump sum benefit. 42 U.S.C. § 424a(b); *see also* 20 C.F.R. § 404.408(g).

4

Plaintiff does not dispute the Agency's calculation of his monthly Disability Insurance Benefits prior to December 1998 at which time he was receiving worker's compensation benefits at a rate of $712.92 per week ($3089.30 per month). Plaintiff's argument is that, once he received the lump-sum settlement for his worker's compensation claim in December 1998 which reduced his weekly worker's compensation payments to $146.88, the Agency should have re-calculated the applicable worker's compensation offset using the new figure of $146.88 per week and not the pre-settlement figure of $712.92 per week. By using the figure of $146.88 per week, plaintiff contends that his Disability Insurance payments would be $2974.02, which is substantially higher than the amount he has been receiving to date. Plaintiff reaches the $2974.02 amount by subtracting $631.59 ($146.88 x 4.3) from $3605.60, which would be the monthly payment based on 80% of his pre-disability earnings $54,092.55.

Plaintiff's argument presumes that his monthly entitlement to Social Security disability benefits *is equal to* 80% of his pre-disability earnings ($3605.60) less any worker's compensation offset. That premise is not correct. Rather, 80% of the pre-disability earnings is the ceiling for what an individual may be entitled to collect in disability benefits and worker's compensation. In other words, 80% of the pre-disability earnings is the maximum amount, and not the guaranteed amount, that an individual is entitled to collect in combined benefits.

The Social Security Act and its regulations have set forth a specific formula to determine an individual's monthly disability benefit, which is called the primary insurance amount. 42 U.S.C. § 415; 20 C.F.R. §§ 404.201, 404. 204, 404.317. In this case, the Agency computed plaintiff's primary insurance amount in accordance with the applicable regulations and determined that plaintiff's average-indexed-monthly-earnings resulted in a primary insurance

amount equal to $1422.20 effective December 1998. Plaintiff does not claim that the calculation of his monthly disability benefit using the average indexed earnings method was incorrect.

In this case, the record makes clear that the Agency considered the reduction in plaintiff's weekly worker's compensation benefits from $712.92 to $146.88 when computing the amount of plaintiff's Disability Insurance Benefits. The Agency determined that, unlike the $712.92 per week plaintiff received prior to December 1998, plaintiff's weekly worker's compensation payment of $146.88 was not high enough to trigger a reduction in plaintiff's monthly Disability Insurance Benefits. Specifically, because the amount of plaintiff's monthly Disability Insurance Benefits in December 1998 ($1388.90) plus the amount of his reduced monthly worker's compensation payment ($631.58) did not exceed 80% of his pre-disability earnings ($3605.80), the Agency concluded that plaintiff was entitled to his full monthly Disability Insurance Benefit with no offset taken for his worker's compensation payment ($1388.90 + $631.58 = $2020.48).

The July 15, 2002 order of ALJ Brundage examines the issue of whether plaintiff's Disability Insurance Benefits were correctly reduced because of his worker's compensation payments. ALJ Brundage looked at plaintiff's Disability Insurance Benefits and worker's compensation payments prior to the December 1998 settlement, and we agree with ALJ Brundage's findings that a reduction in plaintiff's Social Security Disability Insurance Benefits was properly calculated in light of his worker's compensation payments prior to the December 1998 settlement.

After December 7, 1998, in light of the lump-sum settlement agreement, plaintiff's weekly worker's compensation payment was reduced to $146.88. Because the weekly worker's compensation payment was reduced, the Agency adjusted plaintiff's monthly Disability

Insurance Benefits and increased the payment accordingly. Specifically, the Agency determined that plaintiff was entitled to receive his entire Disability Insurance Benefit amount along with his reduced weekly worker's compensation payment because the sum total of these two payments did not exceed the 80% threshold marker.

Prior to the worker's compensation settlement, plaintiff's Disability Insurance Benefits were reduced and offset by his worker's compensation payment because the sum total of his worker's compensation and Disability Insurance Benefits exceeded the 80% ceiling for combined benefits. Therefore, the Agency reduced plaintiff's Disability Insurance Benefits. However, after the compromise settlement agreement and resulting reduction in plaintiff's weekly worker's compensation payment, the Agency determined that a reduction in plaintiff's Disability Insurance Benefits no longer was required. We agree with the Agency's calculation of plaintiff's Disability Insurance Benefits and, therefore, affirm the ALJ's decision because it is consistent with the applicable law and supported by substantial evidence.

## CONCLUSION

For the foregoing reasons, plaintiff Ronald Seeger's motion for summary judgment [9-1] is denied, and defendant Commissioner Barnhart's motion for summary judgment [13-1] is granted. This is a final and appealable order, terminating the case.

It is so ordered.

Wayne R. Andersen
United States District Judge

Dated: April 15, 2005

7